**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**COURT FILE NO.: ____________________**

| | |
|---|---|
| FLOYD RUTHERFORD<br>SUSAN RUTHEFORD<br><br>Plaintiffs,<br>v.<br>TAX EASE LIEN INVESTMENTS I, LLC<br><br>VS.<br><br>LIKENS AND BLOMQUIST PA<br><br>VS.<br><br>THOMAS J. NOVACK, ESQ<br><br>VS.<br><br>LISA MEIER<br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiffs' personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. The Plaintiffs Floyd Rutheford and Susan Rutherford are natural persons who reside in the City of Williamsburg, County of Whitley, Commonwealth of Kentucky, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant Tax Ease Lien Investments, LLC (hereinafter "Tax Ease") is a default debt buyer with an address of 14901 Quorum Drive, Suite 900;Dallas, Texas 75254 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. The Defendant Likens and Blomquist (hereinafter "Likens") is a law firm and a Kansas Corporation who was employed at all times relevant herein by Defendant Tax Ease Lien Investment, LLC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The principal office address of Defendant Likens is 5370 West 95th Street; Prairie Village, Kansas 66207-3204.

7. The Defendant Thomas Novack is a debt collection agent who was employed at all times relevant herein by Defendant Likens as a collection agent and is a "debt collector" as that Term is defined by 15 U.S.C. . the principal office address of Defendant Novak is 3700 Corporate Drive, Suite 120; Columbus, Ohio 43231.

8. The Defendant Lisa Meier is a debt collection agent who was employed at all times relevant herein by Defendant Likens as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The principal office address of Defendant Meier is 3700 Corporate Drive, Suite 120 ; Columbus, Ohio 43231

FACTUAL ALLEGATIONS

9. On or about May 2003, May 2004, May 2005, and May 2008, the Plaintiffs incurred financial obligations that were primarily for personal, family or household purposes and therefore a "debt" as defined by 15 U.S.C. § 1692a(5). This alleged debt stemmed from unpaid property taxes due and owing to the Whitley Fiscal Court in the approximate amount of $ 1,968.51.

10. Sometime thereafter, the debt allegedly owed to the Whitley Fiscal Court was consigned, placed, purchased by, or otherwise transferred to the Defendant Tax Ease.

11. The alleged debt held by the Defendant Tax Ease is classified pursuant to Kentucky Revised Statute (KRS) 134.452 as a general intangible per KRS Chapter 355, Article-9.

12. Subsequently, the Defendant Tax Ease employed or otherwise directed Defendants Likens, Thomas Novack, and Lisa Meier to begin collection attempts from the Plaintiffs with regard to the debt.

13. The Defendant Likens admits being a debt collector by virtue of the following statement : "The firm's tremendous experience in real estate transactions and collections provides clients with a 'go to' resource for their default portfolios." http://www.likensandblomquist.com/LB_005.swf

14. The Defendants then began a series of harassing and demeaning collection attempts in an effort to secure payment of the allegedly owed debt.

***Collection Letters of January 22, 2010***

15. On or about January 22, 2010, Defendant Likens sent collection letters to the Plaintiffs which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See attached Exhibit 1 & 2.*

16. Exhibits 1and 2 both violate the FDCPA because the letters did not contain the notice required pursuant to 15 U.S.C. §1692g

17. Exhibit 2 violates the FDCPA because the letter contained material misrepresentations of the amount owed to the creditor. The demand included amounts that were not provided for by statute or contract.

18. Exhibit 2 is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

19. The Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, and frustration, among other negative emotions; as well as their suffering from unjustified and abusive intrusions causing the Plaintiffs severe emotional distress.

20. Exhibits 1 & 2 are collection letters that were signed by either defendant Novack or Defendant Meier.

***Collection Letter of February 11, 2010***

21. On or about February 11, 2010, the Defendant Likens sent a collection letter to the Plaintiffs which is a "communication" in an attempt to collect a debt as that term is defined by 15

U.S.C. § 1692a(2). This letter was signed by Defendant Novak acting as counsel for the Defendant Tax Ease. *See attached Exhibit 3.*

22. Exhibit 3 violated the FDCPA because the letter did not contain the notice required pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(3), 1692(g)(a)(4), and 1692(g)(a)(5)

23. Exhibit 3 violates the FDCPA because the letter contained material misrepresentations of the amount owed to the creditor. The demand included amounts that were not provided for by statute or contract in violation of 15 U.S.C. § 1692(e)(2), 15 U.S.C. § 1692(f)(1),

24. Exhibit 3 is therefore a communication in violation of numerous and multiple provisions of the FDCPA including, but not limited, to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692f(1).

25. The Plaintiffs have suffered actual damages as a result of these unlawful collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, and frustration; as well as , they have suffered from unjustified and abusive intrusions upon their seclusion.

***Summary***

26. All of the above-described collection communications made to the Plaintiffs by Defendants Tax Ease, Likens, Thomas J. Novack, and Lisa Meier, and presumably other collection employees of Defendant Likens, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

27. During their collection communications, the Defendants and these individual debt collectors employed by Defendant Likens repeatedly failed to provide the Plaintiffs with

the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, among others.

28. The above-detailed conduct by these Defendants of harassing the Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to, all of the above-mentioned provisions of the FDCPA, as well as violations of the Kentucky Consumer Protection Act and the tort of Intentional Infliction of Emotional Distress.

29. This series of abusive letters included demand for payment in excess of amounts the Defendants would be entitled to pursuant to Kentucky Revised Statute.

30. The Defendant Tax Ease, by virtue of the nature of the acquired debt, has a security interest in the Plaintiffs' home. The Defendants Tax Ease and Likens have abused that interest in the Plaintiffs' home by attempting to collect fees and costs which are not justified, are in excess of statutory maximums, or are not entitled to be collected.

31. This series of abusive collection letters by Defendant Likens on behalf of Defendant Tax Ease and its employees caused the Plaintiff Susan Rutherford at times to cry uncontrollably and caused her to become physically ill due to the psychologically abusive manner in which this debt was collected by these Defendants.

32. This series of abusive collection letters by the Defendant Likens and its employees caused the Plaintiff Floyd Rutherford to experience anxiety, apprehension and insomnia. The threat of foreclosure upon his home has been stressful and has created problems with work performance.

33. This series of abusive collection letters by the Defendant Likens and its employees, for the benefit of Defendant Tax Ease, caused the Plaintiffs to experience periods of considerable stress and apprehension. In order to ensure the status of their home, the Plaintiffs liquidated their retirement account to pay the entire demand made by the Defendants. This has caused the Plaintiffs to suffer a financial loss due to the fraud and deception of the Defendants in the repeated demands for payment.

34. The financial loss associated with early withdraw penalties and tax liabilities represent a real and substantial loss to the Plaintiffs. This financial loss is due in totality to the inflation and misrepresentation of funds owed to the Defendant Tax Ease by Defendant Likens and its collection agents.

35. The Defendants' unlawful and abusive collection communications, as more fully described above, were the direct and proximate cause of severe emotional distress on the part of both Plaintiffs and caused them unnecessary personal strain in their relationship with each other, as well as with other family members. In addition to the stress experienced individually, the Plaintiffs allege that they have experienced marital problems related to the possibility of having their home foreclosed. The inflated payment amounts demanded by the Defendants has made the resolution of this matter more difficult and more stressful for the Plaintiffs.

36. The Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, being upset, humiliation, and embarrassment, among other negative emotions; they have also suffered from unjustified and abusive intrusions upon their seclusion.

***Respondeat Superior Liability***

37. The acts and omissions of Defendants Tax Ease and Likens, and the other debt collectors employed as agents by Defendant Tax Ease and Defendant Liens who communicated with the Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Tax Ease.

38. The acts and omissions by Defendant Likens, Defendant Novack and any other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Tax Ease investment liens in collecting consumer debts.

39. By committing these acts and omissions against the Plaintiffs, the Defendants Likens, Novack and Meier and all other debt collectors were motivated to benefit their principal, the Defendant Tax Ease.

40. The Defendants Tax Ease and Likens are therefore liable to the Plaintiffs through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions committed in violation of state and federal law by its collection employees, including but not limited to, violations of the FDCPA, Kentucky Consumer Protection Act, and the tort of intentional infliction of emotional distress in their attempts to collect this debt from Plaintiffs.

## **TRIAL BY JURY**

41. The Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

42. The Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

43. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiffs.

44. As a result of each and every Defendant's violations of the FDCPA, the Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II.
### VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT
### KRS 367 et. Seq

45. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Plaintiffs are allegedly indebted to the Defendant Tax Ease by virtue of a purchase of real estate taxes owed to the Whitley Fiscal Court.

47. The alleged indebtedness was purchased at public auction after the Plaintiffs had defaulted on the alleged obligation to the Whitley Fiscal Court.

48. The Plaintiffs' relationship with the Defendants arose out of a "consumer debt" as that term is defined in Chapters 367 and Chapter 134 of the Kentucky Revised Statutes.

49. The Defendants Tax Ease and Likens, have engaged in unfair, false, misleading and deceptive acts in the conduct of trade in the Commonwealth of Kentucky.

50. Under KRS 367.170, the Defendants were and are prohibited from engaging in any conduct the natural consequences of which is to oppress, harass or abuse any person.

51. The actions and conduct of the Defendants, attempting to collect funds from the Plaintiffs to which they are not entitled to collect, were and are unfair, false, misleading, deceptive, oppressive and abusive acts all in violation of the applicable provisions of the Kentucky Consumer Protection Act.

52. As a result thereof, the Defendants are liable for statutory damages, actual damages, punitive damages, reasonable attorney's fees and costs.

**COUNT III.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

53. The Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

54. The recognition of the cause of action for intentional infliction of emotional distress was explicitly recognized in Kentucky in _Craft v. Rice,_ 671 Sw2d 247 (Ky., 1984). In _Stringer v. Wal-Mart_, 151 SW3d 781m 788 (Ky. 2004) the court set forth the elements for intentional inflection of emotional distress as follows:

a. the wrongdoer's conduct must be intentional or reckless;

b. the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

c. there must be a causal connection between the wrongdoer's conduct and the emotional distress; and

d. the emotional distress must be severe.

55. The defendants by virtue of holding a lien against the Plaintiffs' home, and then engaging in an effort to collect fees from the Plaintiffs which have not been earned or are not allowed by statute, is course of behavior that where the end result of that conduct is likely to be severe emotional distress.

56. Defendants intentionally and/or negligently interfered physically or otherwise, with the solitude, seclusion, and financial security of the plaintiff, by holding the Plaintiff's home ransom until such time as the Plaintiffs could pay fees and costs that have not been earned.

57. Defendants intentionally and/or negligently caused harm to plaintiffs' emotional well being by engaging in this highly offensive conduct thereby invading and intruding upon plaintiffs' consumer right to be treated with truth dignity and respect by debt collectors.

58. The Defendants' grossly careless conduct unlawfully invaded plaintiffs' personal privacy and proximately caused plaintiffs to suffer actual damages. Defendants' conduct was intentional, reckless and willful, and plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact. Plaintiff also seeks damages for the mental and emotional anguish and distress that have been caused by knowing that the medical information; personal identifiers; nonpublic, sensitive information; and private data have been made public by the defendants' wanton actions.

59. As a result of the forgoing indifferent acts, the defendants are liable to the plaintiff for actual damages, punitive damages, legal fees and suit money.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against each and every Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff.

### COUNT II
### VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT
### KENTUCKY REVISED STATUTE

- for an award of actual damages pursuant to KRS 367.220(1) against each and every Defendant and for each Plaintiff;
- for an award of statutory damages as determined by a jury pursuant to KRS 367.220(1) against each and every Defendant and for each Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to KRS 367.220(3) against each and every Defendant and for each Plaintiff.

### COUNT III.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent infliction of emotional distress in an amount to be determined at trial and for each Plaintiff; and
- for such other and further relief as may be just and proper.

Dated: March 30, 2010

Respectfully submitted,

**BRIAN T. CANUPP, PSC**

Brian T. Canupp

Digitally signed by Brian T. Canupp
DN: cn=Brian T. Canupp, o=Brian T. Canupp, PSC, ou, email=Brian@Canupplaw.com, c=US
Date: 2010.03.31 15:13:28 -04'00'

Brian T. Canupp
Tiffany L. Yahr
322 Main Street
Paris, Kentucky 40361-2006
Telephone: (859) 988-9658
Brian@Canupplaw.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

Commonwealth of Kentucky )
) ss
COUNTY OF BOURBON )

Plaintiffs Floyd Rutherford and Susan Rutherford, having first been duly sworn and upon oath, deposes and says as follows:

1. We are Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

/S/ Floyd Rutherford
Floyd Rutherford

/s/ Susan Rutherford
Susan Rutherford

Subscribed and sworn to before me

this 31st day of March, 2010.

Brian T. Canupp Digitally signed by Brian T. Canupp
DN: cn=Brian T. Canupp, o=Brian T. Canupp, PSC, ou, email=Brian@Canupplaw.com, c=US
Date: 2010.03.31 15:14:45 -04'00'

Notary Public

My Commission Expires on: January 6, 2013