Eastern District of Kentucky
FILED
MAY 14 2010
AT FRANKFORT
LESLIE G. WHITMER
CLERK: U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 6:10-CV-00094

FLOYD and SUSAN RUTHERFORD     PLAINTIFFS

v.

TAX EASE LIEN INVESTMENTS I, LLC, ET AL     DEFENDANTS

## DEFENDANTS' JOINT MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927

\*\*\* \*\*\* \*\*\* \*\*\*

On May 13, 2010, Defendants, Likens & Blomquist, PA, Thomas J. Novack and Lisa Meier (hereinafter collectively referred to as the "Likens Defendants"), by counsel, served their Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) in this proceeding. The Likens Defendants' memorandum in support of their motion demonstrates various reasons why the Complaint is frivolous and should never have been filed. Because of the actions of Plaintiffs' counsel, the Likens Defendants now seek sanctions under 28 U.S.C. § 1927.

28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Sixth Circuit held that a court may sanction an attorney under *§ 1927* for unreasonably and vexatiously multiplying the proceedings "despite the absence of any conscious impropriety." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). An attorney is therefore sanctionable under § 1927 "without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly

1

obstruct the litigation of nonfrivolous claims.'" *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (quoting *Jones*, 789 F.2d at 1230).

The Likens Defendants' memorandum in support of their motions to dismiss demonstrates that the federal circuits have repeatedly dismissed actions under the Fair Debt Collection Practice Act 15 U.S.C. § 1692 *et. seq.* ("FDCPA") based on collection of property taxes holding the Act simply does not apply to the property taxes in issue. In addition, the Act itself and legislative history show that "unpaid taxes" are excluded. In further support of this motion for sanctions, the Likens Defendants incorporate by reference all grounds articulated in their memorandum. There simply was no reasonable basis for proceeding on the path Plaintiffs' counsel took or continuing on it. The Complaint relied on by Plaintiffs' counsel was modeled after an online complaint which dealt with consumer credit card debt. It should be quite obvious to any reasonable person that property taxes assessed by local government for governmental purposes and consumer credit card debt are entirely different subjects. A review of the applicable statutory and decisional case law also makes that abundantly clear.

Accordingly, an award of attorney fees incurred by the Likens' Defendants in obtaining dismissal of the Complaint which includes the attorney fees incurred on their motions to dismiss and accompanying memorandum as well as on this motion for sanctions is requested and appropriate.

WHEREFORE, for the foregoing reasons, this Court should enter the Order submitted herewith.

Respectfully submitted,

*signature*

Ilam E. Smith, Esq.
Pedley & Gordinier, PLLC
1484 Starks Building
455 South Fourth Street
Louisville, KY 40202
(502) 214-3120
ismith@pedleylaw.com
*Counsel for Defendants,
Likens &Blomquist, PA,
Thomas J. Novack and Lisa
Meier*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and accurate copy of the foregoing instrument was mailed this 14th day of May, 2010 to:

Brian T. Canupp, Esq.
Brian T. Canupp PSC
322 Main Street
Paris, KY 40361-2006
brian@canupplaw.com
*Counsel for Plaintiffs*

*signature*

Ilam E. Smith, Esq.