UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| FLOYD RUTHERFORD, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 10-94-GFVT |
| V. ) | |
| ) | |
| TAX EASE LIEN INVESTMENTS I, LLC, ) | |
| ET AL., ) | **ORDER** |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on several motions. Defendants, Likens & Blomquist, PA, Thomas J. Novack, and Lisa Meier ("Likens Defendants"), have filed a Joint Motion to Dismiss. [R. 12.] Defendant Tax Ease Lien Investments I, LLC has filed a separate Motion to Dismiss. [R. 14.] The Likens Defendants have also filed a Motion for Sanctions. [R. 13.] The Plaintiffs have responded to each of the motions [R. 15, 16, 20], and the Defendants have filed replies [R. 22, 23, 25]. For the reasons set forth below, the Court will grant the Motions to Dismiss for lack of subject matter jurisdiction.

**I.**

The relevant facts are not in dispute. The Rutherfords own a home in Williamsburg, Whitley County, Kentucky. They incurred property tax debt over the course of several years which became delinquent. That delinquent debt was converted to certificates of delinquency. Tax Ease purchased those certificates for delinquent *ad valorem* taxes under the provisions of Kentucky Revised Statutes Chapter 134. And Tax Ease then hired the Likens Defendants to pursue collection of the Rutherford's delinquent tax debt pursuant to KRS § 134.546.

The Plaintiffs' claims here arise from those collection efforts. According to the Rutherfords, they attempted to resolve the obligations and pay the debt by requesting repayment terms from the Defendants. The Rutherfords claim that over a twenty-day period they received two letters from the Defendants which demanded an unreasonable and increasing payoff amount. The Plaintiffs characterize the demand letters as attempts to coerce them to pay illegal fees and costs. Their instant Complaint asserts three causes of action against the Defendants, including violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Kentucky Consumer Protection Act, KRS § 367.220 ("KCPA"), as well as a claim under Kentucky law for intentional infliction of emotional distress. The Defendants[1] assert that because this Court lacks subject matter jurisdiction over the Plaintffs' FDCPA claim, it must dismiss the entire action, including pendent state-law claims.

## II.

Federal courts, as repeated frequently, are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and statute. *Id.* (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). As such, subject matter jurisdiction is always a threshold determination. *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). And the burden of establishing jurisdiction rests with the party asserting its existence. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936);

---

[1] Because the Defendants' motions to dismiss contain the same arguments and are for all intents and purposes identical, the Court will refer to their arguments collectively.

*Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005).

In this case, the Plaintiffs attempt to invoke this Court's jurisdiction by presenting a claim under the Fair Debt Collection Practices Act.  The FDCPA is a broad statute aimed at eliminating the use of abusive, deceptive, and unfair debt collections practices by debt collectors.  15 U.S.C. § 1692(a); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).  "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 1987); *see also* 15 U.S.C. §§ 1692e-f.

The Defendants, addressing this threshold requirement, contend that the FDCPA is inapplicable here because the Plaintiffs' property taxes are not a "debt" as defined by the Act.  The Court agrees.[2]

> In Section 1692a(5), the FDCPA defines "debt" as:
>
> any obligation or alleged obligation of a consumer to pay money *arising out of a transaction* in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5) (emphasis added).  A plain reading of the definition reveals no specific reference to taxes of any kind, a fact noted by the Third Circuit in *Staub v. Harris*, 626 F.2d 275, 278 (3rd Cir. 1980) (citation omitted) (noting that the legislative history of the Act is "bereft of any explicit reference to taxes").  That court concluded that "[t]here is nothing in the language or the history of the FDCPA to lead us to believe that Congress intended the scope of the Act to

---

[2] Because this matter has been thoroughly briefed by the parties, the Court finds oral argument on any of the pending motions unnecessary.  The Defendants' Motion for Oral Argument [R. 17] will, therefore, be denied.

3

encompass debtors of any kind other than consumer debtors. *Id.* (citations omitted). Focusing on the "transaction" component of the definition of "debt," the *Staub* court held that, "at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." *Id.* at 278. Other courts have reached similar conclusions, and the Court agrees with the logic and holdings of those opinions. *See, e.g.*, *Pollice v. Nat'l Tax Funding*, 225 F.3d 379, 401-02 (3d Cir. 2000) (dismissing for lack of jurisdiction and noting that "homeowners' property tax obligations do not constitute 'debts' under the FDCPA"); *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (following *Staub* and stating that in the tax situation "[t]here is simply no 'transaction' . . . of the kind contemplated by the statute"). Borrowing the illustration in *Pollice*, the Court notes that "[u]nlike a sales tax, for example, which arguably arises from the sale transaction, the property taxes at issue here arose not from the purchase of property but from the *fact of ownership*." *Pollice*, 225 F.3d at 402 (emphasis in original).

Further, as the Defendants correctly note, the Federal Trade Commission, the agency charged with the administrative enforcement of the FDCPA, excludes "unpaid taxes" from the definition of "debt." In its Staff Commentary on the FDCPA, Statements of General Policy or Interpretation, the FTC notes as exclusions from the definition of debt the following: "Unpaid taxes, fines, alimony, or tort claims because they are not debts incurred from a 'transaction (involving purchase of) property . . . or services . . . for personal, family or household purposes." 53 Fed. Reg. 50097, 50102, 1988 WL 269068 (Dec. 13, 1988). Although such statements are not binding, "considerable respect is due 'the interpretation give (a) . . . statute by the officers or agency charged with its administration.'" *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566

4

(1980) (citation omitted).

In response, the Plaintiffs suggest that changes to the Internal Revenue Code and a section of the Kentucky Revised Statutes dealing with certificates of delinquency demonstrate that Congress intends for tax debts to fall squarely under the regulations of the FDCPA. These arguments are unconvincing. The change to the Internal Revenue Code referenced by the Plaintiffs, 26 U.S.C. § 6306e, is found in a section entitled "Qualified Tax Collection Contracts." By its very terms, however, that section applies only to contracts to collect federal taxes. 26 U.S.C. § 6306(b)(1)(B). And the Plaintiffs point to no authority to support its application to the county property taxes at issue here.

The Plaintiffs' argument about KRS § 134.452 fares no better. According to the Plaintiffs, the Kentucky General Assembly has altered the classification of certificates of delinquency so that they are now deemed "general intangibles." But, regardless of the impact of such a classification, the Defendants correctly note that any reference to the FDCPA is conspicuously absent from this chapter. Again, there is nothing to suggest that this alteration somehow brought state property taxes within the definition of "debt" for purposes of the FDCPA.

The Plaintiffs also contend that the Defendants, through subsequent pleadings in similar cases, have admitted that they are subject to FDCPA requirements. But such "admissions" do not, and can not, create jurisdiction. In fact, parties cannot consent to subject matter jurisdiction where it is lacking, nor can they waive it. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004).

As noted above, it is the Plaintiffs' burden to establish that subject matter jurisdiction exists. *See Dismas Charities*, 401 F.3d at 671. And in this case, they have failed to satisfy that

burden. The Court will, therefore, dismiss their claim under the FDCPA. *See* Fed. R. Civ. P. 12(h)(3) (if a court determines that it lacks subject matter jurisdiction, "the court shall dismiss the action.") Consequently, the Court must also dismiss their pendent state law claims. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted); *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1007 (6th Cir. 2009) ("when a court lacks subject matter jurisdiction over a claim, it must immediately dismiss not just that claim but any pendent state-law claims as well").

The Likens Defendants seek sanctions against the Plaintiffs pursuant to 28 U.S.C. § 1927. They contend that sanctions are appropriate because the Complaint is frivolous. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the courts to satisfy personally the costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Specifically, sanctions under § 1927 are appropriate when an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (internal quotations and citations omitted).

Despite finding dismissal appropriate in the case, the Court cannot characterize the Plaintiffs' initiation of this action as unreasonably or vexatiously multiplying the proceedings. Nor does the Court find that Plaintiffs' counsel has engaged in "dilatory litigation practices" or pursued "aggressive tactics that far exceed zealous advocacy." *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009). Thus, the Court will deny the Defendants' motion and decline to impose sanctions.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as

follows:

    1.    The Defendants' Motions to Dismiss [R. 12, 14] are **GRANTED**;

    2.    The Defendants' Motion for Sanctions [R. 13] is **DENIED**;

    3.    The Defendants' Motion for Oral Argument [R.17] is **DENIED;**

    4.    The Defendants' Motion for Extension [R. 19] is **GRANTED**;

    5.    This matter is **DISMISSED** with prejudice and stricken from the Court's active docket.

This the 31st day of March, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge